UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____–Civ–(_____/_____)

JURY DEMANDED

HABERSHAM PLANTATION
CORPORATION, a Georgia corporation,
and HABERSHAM INVESTMENT
PARTNERSHIP, L.P. a Georgia limited
partnership,

     Plaintiffs,

         v.

ART & FRAME DIRECT, INC., a Florida
Corporation, WORLD OF DECOR, INC., a
Florida Corporation, THE LIQUIDATION
STATION, INC., a Florida Corporation,
GLOBAL IMPORTING, INC., a Florida
Corporation, WORLD OF DECOR BLUE
HERON, LLC, a Florida Limited Liability
Company, CLOSING FOREVER, LLC, a
Florida Limited Liability Company,
DECORATOR'S RESERVE, INC., a Texas
Corporation, ART & FRAME
DIRECT/TIMELESS INDUSTRIES
GEORGIA, INC., a Georgia Corporation,
and WORLD OF DECOR, INC., a
California Corporation.

     Defendants.

_____/

## COMPLAINT

Plaintiffs Habersham Plantation Corporation and Habersham Investment

Partnership, L.P., for their Complaint against Defendants Art & Frame Direct, Inc., World

Of Decor, Inc. (Florida), The Liquidation Station, Inc., Global Importing, Inc., World Of

Decor Blue Heron, LLC, Closing Forever, LLC, Decorator's Reserve, Inc., Art & Frame

Direct/Timeless Industries Georgia, Inc., and World Of Decor, Inc. (California), herein state as follows:

## NATURE AND STATUTORY BASIS OF ACTION

1.      This is an action for copyright infringement under 17 U.S.C. § 101, et seq., for federal trademark infringement under 15 U.S.C. § 1114, et seq., for common law trademark infringement under the laws of the State of Florida, and for trade dress infringement under 15 U.S.C. § 1125(a).

## THE PARTIES

2.      Plaintiff Habersham Plantation Corporation is a Georgia corporation, and has its principal place of business at 342 Collier Road, Toccoa, Georgia  30577. Habersham Plantation Corporation has been designing and crafting fine furniture, furnishings and home décor goods for well over thirty (30) years, and is one of the leading manufacturers and distributors of original fine furniture products throughout the United States.  Habersham Plantation Corporation is the exclusive owner of all right, title and interest in and to certain intellectual property associated with its furniture and home décor business, including the copyrights and trade dress described herein.

3.      Plaintiff Habersham Investment Partnership, L.P. is a Georgia limited partnership headquartered at 171 Collier Road, Toccoa GA 30577-3430.  Habersham Investment Partnership, L.P. is the owner of certain intellectual property associated with Habersham Plantation Corporation's furniture and home décor business, including the trademarks described herein.  Habersham Investment Partnership, L.P., has licensed certain of its trademark rights to Habersham Plantation Corporation on an exclusive basis.  Among those trademarks are federally-registered trademarks, numerous of

2

which have been registered for many more than five years and, thus, have long-since reached incontestable status.

4.    One or more of Plaintiffs Habersham Plantation Corporation and Habersham Investment Partnership, L.P. shall be hereinafter referred to as "Habersham."

5.    On information and belief, one or more of George Eouse, Dorothy Eouse and Sabrina Eouse (collectively hereinafter the "Eouses") -- who, on information and belief, are all Florida residents -- owns, operates and/or controls a number of corporate entities, formed under the laws of several states, associated with the sale of furniture products complained of herein.

6.    On information and belief, Defendant Art & Frame Direct, Inc. is one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses.  On information and belief, Defendant Art & Frame Direct, Inc. is a Florida corporation with its principal place of business as 11423 Satellite Blvd., Orlando, Florida 32837 (the "Orlando Address"). On information and belief, George Eouse is the sole officer or director of Art & Frame Direct, Inc.

7.    On information and belief, Defendant World Of Decor, Inc. (Florida) is another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by George Eouse.  On information and belief, Defendant World Of Decor, Inc. (Florida) is also a Florida corporation, and has principal places of business at the same Orlando Address, as well as at 545 South Federal Highway, Deerfield Beach, Florida 33341, which is located

3

within this judicial district. On information and belief, Dorothy and Sabrina Eouse are the officers or directors of Defendant World Of Decor, Inc. (Florida).

8. On information and belief, Defendant The Liquidation Station, Inc. is another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses. On information and belief, Defendant The Liquidation Station, Inc., is also a Florida corporation, and also has its principal place of business at the Orlando Address. On information and belief, George and Dorothy Eouse are the officers or directors of Defendant The Liquidation Station, Inc.

9. On information and belief, Defendant Global Importing, Inc. is yet another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses. On information and belief, Defendant Global Importing, Inc. is also a Florida corporation, and also has its principal place of business at the Orlando Address. On information and belief, George and Dorothy Eouse are the officers or directors of Defendant Global Importing, Inc.

10. On information and belief, Defendant World Of Decor Blue Heron, LLC is yet another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses. On information and belief, Defendant World Of Decor Blue Heron, LLC is a Florida limited liability company and has principal places of business at the same Orlando Address, as well as at 3661 W. Blue Heron Blvd., West Palm Beach, Florida 33404, which is located within this judicial district. On information and belief, George and Dorothy Eouse are the officers or directors of Defendant World Of Decor Blue Heron, LLC.

4

11.     On information and belief, Defendant Closing Forever, LLC is yet another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses.  On information and belief, Defendant Closing Forever, LLC is a Florida limited liability company and has its principal place of business at the Orlando Address.  On information and belief, George and Dorothy Eouse are the officers or directors of Defendant Closing Forever, LLC.

12.     On information and belief, Defendant Decorator's Reserve, Inc. is yet another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses.  On information and belief, Defendant Decorator's Reserve, Inc. is a Texas corporation having its principal place of business at the Orlando Address.  On information and belief, George and Dorothy Eouse are the officers or directors of Defendant Decorator's Reserve, Inc.

13.     On information and belief, Defendant Art & Frame Direct/Timeless Industries Georgia, Inc. is yet another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses.   On information and belief, Defendant Art & Frame Direct/Timeless Industries Georgia, Inc. is a Georgia corporation having its principal place of business 240 Peachtree St., Suite 11A8, Atlanta, Georgia 30303.   On information and belief, Defendant Art & Frame Direct/Timeless Industries Georgia, Inc.'s previous principal place of business was at the Orlando Address.  On information and belief, George and Dorothy Eouse are the officers or directors of Defendant Art & Frame

5

Direct/Timeless Industries Georgia, Inc., and each list the Orlando Address as their contact address in the records of the Secretary of the State of Georgia.

14.     On information and belief, World Of Decor, Inc. (California) is yet another one of those corporate entities associated with the sale of furniture products complained of herein, and is owned, operated and/or controlled by the Eouses.  On information and belief, World Of Decor, Inc. (California) is a California corporation and has its principal place of business at the Orlando Address.  On information and belief, George Eouse is the sole officer or director of World Of Decor, Inc. (California).

15.     On information and belief, one or more of Defendants Art & Frame Direct, Inc., World Of Decor, Inc. (Florida), The Liquidation Station, Inc., Global Importing, Inc., World Of Decor Blue Heron, LLC, Closing Forever, LLC, Decorator's Reserve, Inc., Art & Frame Direct/Timeless Industries Georgia, Inc., and World Of Decor, Inc. (California) (collectively the "AFD/WOD DEFENDANTS") owns, operates and/or controls the websites associated with the <artframedirect.com>, <worldofdecor.com>, <shopworldofdecor.com> and <wodauction.com> domain names, among others, each of which is and/or has been associated with the sale of the furniture products complained of herein.

16.     On information and belief, one or more of the AFD/WOD DEFENDANTS owns, operates and/or controls the "World of Decor" showrooms at 545 South Federal Highway, Deerfield Beach, Florida 33341, and at 3661 W. Blue Heron Blvd., West Palm Beach, Florida 33404, each which are located within this judicial district.

6

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this Complaint pursuant to 17 U.S.C. § 106 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

18.     This Court has personal jurisdiction over the AFD/WOD DEFENDANTS. The AFD/WOD DEFENDANTS each are incorporated in the State of Florida, have their officers located in the State of Florida, and/or have their principal place of business in the State of Florida, and have committed the acts complained of herein in the State of Florida, as well as within this judicial district.  On further information and belief, one or more of the AFD/WOD DEFENDANTS owns real property in the State of Florida. Accordingly, this Court has personal jurisdiction pursuant to at least Fla. Stat. §48.193(1)(a)-(c).

19.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(1), in that one or more of the AFD/WOD DEFENDANTS resides in this District, as well as under 28 U.S.C. § 1391(c).

## HABERSHAM'S BUSINESS, COPYRIGHTS AND TRADE DRESS

20.     Habersham, a family business, has been manufacturing, distributing and selling high-quality, distinctive furniture and home décor goods for resale to the general public for over thirty (30) years.

21.     Habersham's products have long been recognized for their fine craftsmanship, close attention to detail, and distinctive designs, establishing the Habersham brand as one of the world's premier high-end, exclusive furniture brands.

22.     Rather than reproduce known furniture designs, Habersham creates its own furniture designs.  Nearly all of Habersham's furniture designs are created by Habersham's own designers.  When designing its original furniture pieces, Habersham

7

carefully considers the aesthetic impact of every ornamental element of the design, including its carvings, moldings, reliefs, cutaways, columns, and crowns.

23.    Habersham is also well known for the quality of its proprietary finishes that it applies to various furniture designs.

24.    Habersham's furniture products embody a unique look and style that has become distinctive in the furniture market.   Habersham's collection of furniture combines original designs featuring classic and architectural elements, on a grand scale, along with proprietary finishing methods to provide a relatively soft, relaxed look and feel, to create the casual, elegant aesthetic for which Habersham is known.

25.    Habersham has expended substantial effort and expense on marketing, promoting and advertising with its original furniture designs, and to identify Habersham as the exclusive source for the quality that accompanies those designs.  Particularly, Habersham has consistently marketed its furniture designs under one or more of Habersham's trademarks and service marks, including "HABERSHAM" (U.S. Trademark Reg. No. 1,073,642), "HABERSHAM GALLERY" (U.S. Trademark Reg. No. 3,547,231), "HABERSHAM HOME" (U.S. Trademark Reg. No. 3,371,204), "HABERSHAM HOME" (U.S. Trademark Reg. No. 3,371,205), "H HABERSHAM EST. 1972 (Stylized)" (U.S. Trademark Reg. No. 2,409,103), "HABERSHAM PLANTATION EST. 1972 (& Design)" (U.S. Trademark Reg. No. 1,887,182), "HABERSHAM PLANTATION EST. 1972 (& Design)" (U.S. Trademark Reg. No. 1,922,623) and yet other "HABERSHAM" trademarks which are also associated with Habersham's high end furniture goods.  Numerous of those trademarks have been federally registered for well over five years and, thus, have long-since reached incontestable status.

8

26.    Habersham has also expended substantial effort and expense developing brands for particular furniture lines and items and, thus, owns many contractual and common law trademark rights marks associated in those respective lines and items. For example, Habersham has exclusive agreements with several high-profile, luxury travel destinations -- the Plaza Hotel, the Biltmore Estate, the Hearst Castle, and Claude Monet's estate -- to develop original furniture designs inspired by the architectural cues of these landmarks and market the original furniture designs under the trademarks associated with these landmarks.  In particular, for Habersham's "Plaza Collection" associated with the Plaza Hotel, Habersham developed an original CENTRAL PARK bedroom furniture set.  Through its substantial efforts and expense in securing the agreement with the Plaza Hotel as well as developing, manufacturing and marketing this original bedroom furniture set, Habersham has substantial common law trademark rights in and to the CENTRAL PARK mark in association with this bedroom furniture set.

27.    Habersham's designs are well-recognized in the industry for their distinctive, casually elegant aesthetic.   Unfortunately, others try to pass off non-Habersham goods as having the "Habersham Style" or as duplicating the "Habersham" design look.   Habersham's designs have been copied, *en masse*, by multiple third parties, including one or more of the AFD/WOD DEFENDANTS, in an attempt to capture Habersham's distinctive styles in the medium of furniture design.

28.    Habersham's furniture products incorporating its copyrighted designs and distinctive trade dress are advertised both nationally and locally in magazine advertisements, point of purchase advertisements, printed catalogs, circulars, inserts,

9

(including *Architectural Digest, Southern Accents, Veranda* and *Coastal Living*), at international and national trade shows featuring furniture and home design goods, as well as on the World Wide Web a the website associated with the domain names <habershamhome.com>, <habershamplantation.com> and <habershamdesigns.com>. Habersham is a participant in the High Point Market in High Point, North Carolina, along with, on information and belief, one or more of the AFD/WOD DEFENDANTS. Over the years, Habersham has expended tens of millions of dollars to advertise and promote its furniture products and retail furniture store services.

29.     As a result of its extensive efforts to create, market and sell original, unique furniture designs, Habersham owns substantial intellectual property rights, including copyright rights, trademark rights and trade dress rights in its distinctive, exclusive designs.

30.     Habersham owns the following federally registered copyright registrations:

| U.S. Copyright Reg. No. | Title | Sample Image |
|---|---|---|
| VA0001625419 (Certificate attached as Exhibit 1A.) | Ornamented Bed (Florentina Bed w/ Garland) |  |

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

| VA0001683651 (Certificate attached as Exhibit 1B.) | Ornamented Kitchen Island (Chantepie Kitchen Island) |  |
|---|---|---|
| VA0001638070 (Certificate attached as Exhibit 1C.) | Ornamented Table (Valencia 60" Dining Table) |  |
| VA0001683637 (Certificate attached as Exhibit 1D.) | Ornamented Table (Hatfield Occassional Table) |  |
| VA0001685545 (Certificate attached as Exhibit 1E.) | Ornamented Wall Unit (Palm Court Media Center) |  |

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

| VA0001683645 (Certificate attached as Exhibit 1F.) | Lancelot Hutch |  |
|---|---|---|

31.    Habersham owns the following pending copyright applications:[1]

| Filing Date | Title | Sample Image |
|---|---|---|
| June 17, 2010 (Application attached as Exhibit 1G.) | Edwardian Corner Home Office |  |
| June 17, 2010 (Application attached as Exhibit 1H.) | CENTRAL PARK Queen Bed |  |

---

[1] Copies of the filed applications are attached as Exhibits 1G-1S, respectively.

12

| | | |
|---|---|---|
| June 17, 2010 (Application attached as Exhibit 1I.) | Plaza Collection "CENTRAL PARK" 3 Drawer Chest |  |
| June 17, 2010 (Application attached as Exhibit 1J.) | Plaza Collection "CENTRAL PARK" Nightstand |  |
| June 17, 2010 (Application attached as Exhibit 1K.) | Preston Corner Cabinet |  |
| June 17, 2010 (Application attached as Exhibit 1L.) | Southhampton Chest |  |

13

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

| | | |
|---|---|---|
| June 17, 2010 (Application attached as Exhibit 1M.) | "Chateau" Sideboard/Curio | |
| June 17, 2010 (Application attached as Exhibit 1N.) | Harvest Table with Leaves | |
| June 17, 2010 (Application attached as Exhibit 1O.) | Biltmore Pedestal with Storage | |
| June 17, 2010 (Application attached as Exhibit 1P.) | Marseille Library/Bookcase | |

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

| | | |
|---|---|---|
| June 17, 2010 (Application attached as Exhibit 1Q.) | Belmont Bookcase |  |
| June 17, 2010 (Application attached as Exhibit 1R.) | Knightsbridge Home Office with Bookcase |  |
| June 17, 2010 (Application attached as Exhibit 1S.) | Espoir Hall Chest, Decorated |  |

32.    Each   of   Habersham's   designs   identified   in   ¶¶30-31   (collectively Habersham's "Asserted Designs") is an original work of Habersham.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## THE AFD/WOD DEFENDANTS' MISAPPROPRIATION
## OF THE ASSERTED DESIGNS

33.     On information and belief, without the prior knowledge or authorization of

Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised,

showcased, displayed, offered for sale and/or sold, in commerce, a "Maison Royale

Bed" (the "Accused MR Bed"), the design of which has been copied or derived from the

copyrighted and federally registered design for Habersham's Florentina Bed with

Garland.

| Habersham's Florentina Bed w/ Garland | The Accused MR Bed[2] |
|---|---|
|  |  |

---

[2] A listing and/or photographs of the Accused MR Bed are attached as Exhibit 2A.

16

34.    On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Country Kitchen Island Table" (the "Accused Kitchen Island"), the design of which has been copied or derived from the copyrighted and federally registered design for Habersham's Chantepie Kitchen Island.



| Habersham's Chantepie Kitchen Island | The Accused Kitchen Island[3] |

35.    On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Bridgeport" table (the "Accused Bridgeport Table"), the design of which has been copied or derived from the copyrighted and federally registered design for Habersham's Valencia 60" Dining Table.



| Habersham's Valencia 60" Dining Table | The Accused Bridgeport Table[4] |

---

[3] A listing and/or photographs of the Accused Kitchen Island are attached as Exhibit 2B.
[4] A listing and/or photographs of the Accused Bridgeport Table are attached as Exhibit 2C.

17

36.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Odessa Occassional Table" (the "Accused Odessa Table"), the design of which has been copied or derived from the copyrighted and federally registered design for Habersham's Hatfield Occasional Table.



37.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Remington Media Center" (the "Accused Remington Media Center"), the design of which has been copied or derived from the copyrighted and federally registered design for Habersham's Palm Court Media Center.



---

[5] A listing and/or photographs of the Accused Odessa Table are attached as Exhibit 2D.
[6] A listing and/or photographs of the Accused Remington Media Center are attached as Exhibit 2E.

18

38.    On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Bridgeport Hutch" (the "Accused Hutch"), the design of which has been copied or derived from the copyrighted and federally registered design for Habersham's Lancelot Hutch.



| Habersham's Lancelot Hutch | The Accused Hutch[7] |
| --- | --- |

39.    On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Shell Corner Computer Center" (the "Accused Shell Desk"), the design of which has been copied or derived from the design for Habersham's Edwardian Corner Home Office, together with the design for Habersham's Preseton Corner Cabinet (see ¶43 below).



| Habersham's Edwardian Corner Home Office | The Accused Shell Desk[8] |
| --- | --- |

---

[7] A listing and/or photographs of the Accused Hutch are attached as Exhibit 2F.
[8] A listing and/or photographs of the Accused Shell Desk are attached as Exhibit 2G.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

40.   On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Park Avenue Queen Bed" (the "Accused PA Bed"), the design of which has been copied or derived from the design for Habersham's CENTRAL PARK Queen Bed.



| Habersham's CENTRAL PARK Queen Bed | The Accused PA Bed[9] |

41.   On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Park Ave Grand Nightstand" (the "Accused PA Nightstand 1"), the design of which has been copied or derived from the design for Habersham's CENTRAL PARK" 3 Drawer Chest.



| Habersham's CENTRAL PARK 3 Drawer Chest | The Accused PA Nightstand 1[10] |

---

[9] A listing and/or photographs of the Accused PA Bed are attached as Exhibit 2H.
[10] A listing and/or photographs of the Accused PA Nightstand 1 are attached as Exhibit 2I.

20

42.   On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Park Ave Nightstand" (the "Accused PA Nightstand 2"), the design of which has been copied or derived from the design for Habersham's CENTRAL PARK Nightstand.



43.   On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Shell Corner Cabinet" (the "Accused Shell Cabinet"), the design of which has been copied or derived from the design for Habersham's Preston Corner Cabinet.



---

[11] A listing and/or photographs of the Accused PA Nightstand 2 are attached as Exhibit 2J.
[12] A listing and/or photographs of the Accused Shell Cabinet are attached as Exhibit 2K.

21

44.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Westport Chest" (the "Accused WP Chest"), the design of which has been copied or derived from the design for Habersham's Southhampton Chest.



44.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Bordeaux Sideboard Curio" (the "Accused Sideboard"), the design of which has been copied or derived from the design for Habersham's Chateau Sideboard/Curio.



---

[13] A listing and/or photographs of the Accused WP Chest are attached as Exhibit 2L.
[14] A listing and/or photographs of the Accused Sideboard are attached as Exhibit 2M

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

46.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Chelsea Table" (the "Accused Chelsea Table"), the design of which has been copied or derived from the design for Habersham's Harvest Table.



47.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Georgian Pedestal Cabinet" (the "Accused Pedestal"), the design of which has been copied or derived from the design for Habersham's Biltmore Pedestal With Storage.



[15] A listing and/or photographs of the Accused Chelsea Table are attached as Exhibit 2N
[16] A listing and/or photographs of the Accused Pedestal are attached as Exhibit 2O.

23

48.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Shell Library Bookcase" (the "Accused Shell Library"), the design of which has been copied or derived from the design for Habersham's Marseille Library/Bookcase.



| Habersham's Marseille Library/Bookcase | The Accused Shell Library[17] |
|---|---|

49.     On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Hampton Wall Shelf Unit" (the "Accused Shelf Unit"), the design of which has been copied or derived from the design for Habersham's Belmont Bookcase.



| Habersham's Belmont Bookcase | The Accused Shelf Unit[18] |
|---|---|

---

[17] A listing and/or photographs of the Accused Shell Library are attached as Exhibit 2P.
[18] A listing and/or photographs of the Accused Shelf Unit are attached as Exhibit 2Q.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

50.    On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Oxford Computer Center" (the "Accused Computer Center"), the design of which has been copied or derived from the design for Habersham's Knightsbridge Home Office.



| Habersham's Knightsbridge Home Office | The Accused Computer Center[19] |

51.    On information and belief, without the prior knowledge or authorization of Habersham, one or more of the AFD/WOD DEFENDANTS has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Goldenrod Cabinet" (the "Accused GR Chest"), the design of which has been copied or derived from the design for Habersham's Espoir Hall Chest.



| Habersham's Espoir Hall Chest | The Accused GR Chest[20] |

---

[19] A listing and/or photographs of the Accused Computer Center are attached as Exhibit 2R.
[20] A listing and/or photographs of the Accused GR Chest are attached as Exhibit 2S.

25

52.     The   photo   comparisons   shown   in   ¶¶33-51,   *supra*,   comparing Habersham's Asserted Designs with respective ones of the AFD/WOD DEFENDANTS' products (collectively the "Copyright-Infringing Products") and as collectively shown in the Comparison Chart attached hereto as Exhibit 3, illustrate that virtually every material detail of the design of the Copyright-Infringing Products has been copied or derived from Habersham's Asserted Designs. Moreover, the Copyright-Infringing Products have a size virtually identical to the corresponding one of Habersham's Asserted Designs, as illustrated by the dimensions set forth in Exhibit 3.

53.     In   total,   the   AFD/WOD   DEFENDANTS'   known   copying   or   other misappropriation of Habersham's designs has been extensive, as illustrated by the number of accused products listed above. Indeed, the AFD/WOD DEFENDANTS have copied additional products not listed above, examples of which are shown in Exhibit 4. On information and belief, one or more of the AFD/WOD DEFENDANTS have copied or derived products from yet additional ones of Habersham's furniture collection, in addition to those identified in Exhibits 3-4.

54.     On information and belief, one or more of the AFD/WOD DEFENDANTS have misappropriated Plaintiffs' HABERSHAM trademark in the promotion and sale of furniture products which did not originate from Habersham.   For example, on information and belief, one or more of the AFD/WOD DEFENDANTS have utilized the HABERSHAM trademark, through such terms as "Habersham Style(d)", on non-Habersham furniture at auction events.

55.     On information and belief, one or more of the AFD/WOD DEFENDANTS have misappropriated Plaintiffs' CENTRAL PARK trademark associated with its line of

26

bedroom furniture as shown in Exhibits 1H-1J. As set forth above, on information and belief, one or more of the AFD/WOD DEFENDANTS have marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, products under the infringing PARK AVE mark that were each copied and/or derived from one of the designs for Habersham's CENTRAL PARK line.

56.     On information and belief, recognizing that their products copied or derived from Habersham designs each include distinctive Habersham trade dress -- indeed denoting that distinctive trade dress, in part, by the unauthorized use of the term "Habersham Style(d)", as set forth above -- the AFD/WOD DEFENDANTS have created a separate furniture "line" in an attempt to trade off of Habersham's distinctive trade dress *en masse*, which they call the "Heritage Collection."

## COUNT I

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101

Plaintiff Habersham hereby adopts each of the allegations contained in Paragraphs 1 through 56 above.

57.     Habersham hereby charges each of the AFD/WOD DEFENDANTS with copyright infringement under 17 U.S.C. § 101, et seq.

58.     Habersham is the owner of all right, title and interest in and to its copyrighted designs for its furniture products.    Habersham has obtained federal registration for its rights in the copyrighted designs for its Florentina Bed With Garland, Chantepie Kitchen Island, Valencia 60" Dining Table, Hatfield Occasional Table, Palm Court Media Center, and Lancelot Hutch. (Exs. 1A-1F.) Habersham has applied for registration of its rights in the copyrighted designs for its Edwardian Corner Home

27

Office, CENTRAL PARK Queen Bed, CENTRAL PARK 3 Drawer Chest, CENTRAL PARK Nightstand, Preston Corner Cabinet, Southhampton Chest, Chateau Sideboard/Curio, Harvest Table, Biltmore Pedestal With Storage, Marseille Library/Bookcase, Belmont Bookcase, Knightsbridge Home Office With Bookcase, and Espoir Hall Chest. (Exs. 1G-1S.) Habersham's copyrights are valid and enforceable.

59. The AFD/WOD DEFENDANTS have had access to Habersham's original designs for its Asserted Designs as soon as those designs were published by Habersham through inclusion and/or display of the underlying products in catalogs, advertisements, showrooms, trade shows, and/or on the Internet.

60. The AFD/WOD DEFENDANTS have copied and/or derived their own products from Habersham's copyrighted designs for their Copyright-Infringing Products, as illustrated by the substantial similarity between Habersham's Asserted Designs and the accused products. (Ex. 2.)

61. The AFD/WOD DEFENDANTS have willfully infringed upon Habersham's rights in and to its copyrighted designs for its Asserted Designs.

62. By reason and as a direct result of these acts of copyright infringement by the AFD/WOD DEFENDANTS , Habersham has suffered great and irreparable damage, the full extent of which is currently unknown, while the AFD/WOD DEFENDANTS are positioned for unjust enrichment on account of Habersham's original designs, at Habersham's substantial expense. Habersham will continue to suffer great and irreparable damage unless and until the AFD/WOD DEFENDANTS are enjoined by this Court.

28

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

Plaintiff Habersham hereby adopts each of the allegations contained in Paragraphs 1 through 62 above.

63.    Habersham hereby charges each of the AFD/WOD DEFENDANTS with federal trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1114, et seq.

64.    Habersham is the owner of all right, title, interest and goodwill in and to its "HABERSHAM" trademarks and service marks, including the marks "HABERSHAM" (U.S. Trademark Reg. No. 1,073,642), "HABERSHAM GALLERY" (U.S. Trademark Reg. No. 3,547,231), "HABERSHAM HOME" (U.S. Trademark Reg. No. 3,371,204), "HABERSHAM HOME" (U.S. Trademark Reg. No. 3,371,205), "H HABERSHAM EST. 1972 (Stylized)" (U.S. Trademark Reg. No. 2,409,103), "HABERSHAM PLANTATION EST. 1972 (& Design)" (U.S. Trademark Reg. No. 1,887,182), and "HABERSHAM PLANTATION EST. 1972 (& Design)" (U.S. Trademark Reg. No. 1,922,623), collectively hereinafter the "Asserted Registrations."   (See Group Exhibit 5.)   The Asserted Registrations are each associated with furniture products and/or furniture distributions services, as more fully set forth in the respective registration certificates, collectively attached as Group Exhibit 5.   Each of the Asserted Registrations is valid and enforceable, and most of them have been registered for well more than five years and, thus, have long-since reached incontestable status.

65.    The AFD/WOD DEFENDANTS have misappropriated and infringed Habersham's Asserted Registrations, by having marketed, advertised, showcased,

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

displayed, offered for sale and/or sold, in commerce, non-Habersham goods as being approved by, associated with, or affiliated with Habersham, through use of the designation "Habersham" or "Habersham Style(d)," so as to draw consumer attention to the AFD/WOD DEFENDANTS' products through the use of "hard copy" and/or Internet transmissions, featuring the term "Habersham" in association with their unauthorized copies of Habersham's products. The AFD/WOD DEFENDANTS have so acted for the express purpose of creating a likelihood of consumer confusion, at least in the form of "initial interest" confusion, such as by way of misdirected search engine "hits." (See the webpage excerpts attached as Exhibit 6.) As a result of these actions, consumers are likely to be confused that there is some sort of affiliation, sponsorship or relationship between the AFD/WOD DEFENDANTS' products and Habersham, and/or believe the unauthorized copies are authentic Habersham products, when there is no such relationship, and no such basis for authenticity.

66.    The AFD/WOD DEFENDANTS have willfully infringed upon Habersham's rights in and to its Asserted Registrations.

67.    By reason and as a direct result of these acts of trademark infringement by the AFD/WOD DEFENDANTS, Habersham has suffered great and irreparable damage, the full extent of which is currently unknown, while the AFD/WOD DEFENDANTS are positioned for unjust enrichment on account of Habersham's style, goodwill and reputation, at Habersham's substantial expense. Habersham will continue to suffer great and irreparable damage unless and until the AFD/WOD DEFENDANTS are enjoined by this Court.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

Plaintiff Habersham hereby adopts each of the allegations contained in Paragraphs 1 through 67 above.

68.     Habersham hereby charges each of the AFD/WOD DEFENDANTS with common law trademark infringement under the laws of the State of Florida.

69.     Habersham is the owner of all right, title, interest and goodwill in and to its trademarks associated with its furniture collection, including the CENTRAL PARK mark associated with a bedroom furniture set, as well as Habersham's HABERSHAM mark.

70.     The AFD/WOD DEFENDANTS have misappropriated Habersham's CENTRAL PARK mark by offering copies and/or derivative works of the Habersham products sold under the CENTRAL PARK mark under the designation PARK AVE. As a result of these actions, consumers are likely to be confused that there is some sort of affiliation, sponsorship or relationship between the AFD/WOD DEFENDANTS' products and Habersham, when there is no such relationship. The AFD/WOD Defendants have misappropriated Habersham's HABERSHAM mark by using the mark to describe their inferior knock-off copies of Habersham's original furniture designs.

71.     The AFD/WOD DEFENDANTS have willfully infringed upon Habersham's CENTRAL PARK and HABERSHAM trademarks.

72.     By reason and as a direct result of these acts of trademark infringement by the AFD/WOD DEFENDANTS, Habersham has suffered great and irreparable damage, the full extent of which is currently unknown, while the AFD/WOD DEFENDANTS are positioned for unjust enrichment on account of Habersham's style,

31

goodwill and reputation, at Habersham's substantial expense.  Habersham will continue to suffer great and irreparable damage unless and until the AFD/WOD DEFENDANTS are enjoined by this Court.

## COUNT IV

## TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

Plaintiff Habersham hereby adopts each of the allegations contained in Paragraphs 1 through 72 above.

73.     Habersham hereby charges each of the AFD/WOD DEFENDANTS with federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     Habersham is the owner of all right, title, interest and goodwill in and to its distinctive trade dress associated with its furniture collection.  As demonstrated by the AFD/WOD DEFENDANTS' use of the phrase "Habersham Styled," Habersham's valid and enforceable trade dress has developed secondary meaning and distinctiveness in the marketplace for furniture, which furniture marketplace participants recognize as originating with Habersham.     The distinctiveness and secondary meaning of Habersham's trade dress has developed from, among other things, the substantial effort Habersham has put into marketing its unique furniture designs, the substantial effort Habersham has invested in creating its own original designs, and Habersham's working relationships with designers and dealers to ensure that they and their customers understand the unique features of Habersham's distinctive trade dress.

75.     On information and belief, the AFD/WOD DEFENDANTS have misappropriated Habersham's distinctive trade dress, which is illustrated in the images of the Asserted Designs identified in Exhibit 1, as well as in others of Habersham's

32

products.  As a result of these actions, consumers are likely to be confused that there is some sort of affiliation, sponsorship or relationship between the AFD/WOD DEFENDANTS' products and Habersham, when there is no such relationship.

76.    On information and belief, the AFD/WOD DEFENDANTS have misappropriated Habersham's distinctive trade dress by having marketed, advertised, showcased, displayed, offered for sale and/or sold the Copyright-Infringing Products, amongst others of their products.

77.    The AFD/WOD DEFENDANTS have willfully infringed upon Habersham's rights in and to its distinctive trade dress for its furniture pieces asserted herein.

78.    By reason and as a direct result of these acts of unfair competition by trade dress misappropriation by the AFD/WOD DEFENDANTS, Habersham has suffered great and irreparable damage, the full extent of which is currently unknown, while the AFD/WOD DEFENDANTS are positioned for unjust enrichment on account of Habersham's style, goodwill and reputation, at Habersham's substantial expense. Habersham will continue to suffer great and irreparable damage unless and until the AFD/WOD DEFENDANTS are enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff Habersham prays for the following relief:

79.    That this Court find that the AFD/WOD DEFENDANTS have unlawfully, and without authorization, used and infringed Habersham's copyright rights in Habersham's Asserted Designs.

33

80.    That this Court find that AFD/WOD DEFENDANTS have unlawfully, and without authorization, misappropriated Habersham's Asserted Registrations and CENTRAL PARK trademark, as well as Habersham's distinctive trade dress.

81.    That the AFD/WOD DEFENDANTS and their officers, agents, servants, employees, attorneys, and all other persons in active concert and/or participation with them who receive notice, be enjoined and restrained from:

> (a)    Using, selling, distributing, importing, trading and/or otherwise dealing in any product copied and/or derived from any of Habersham's original designs, and/or any parts thereof;
>
> (b)    Using, selling, distributing, importing, trading and/or otherwise dealing in any product incorporating Habersham's Asserted Registrations, and/or any parts thereof;
>
> (c)    Using, selling, distributing, importing, trading and/or otherwise dealing in any product incorporating Habersham's CENTRAL PARK trademark, and/or any parts thereof;
>
> (d)    Using, selling, distributing, importing, trading and/or otherwise dealing in any product incorporating Habersham's distinctive trade dress, and/or any parts thereof; and
>
> (e)    Otherwise infringing Habersham's copyrights, trademarks, and trade dress.

82.    That the AFD/WOD DEFENDANTS be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503, all products, prints, advertisements, promotional materials, electronic media and/or other articles in their

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

possession incorporating, bearing and/or exhibiting: (a) Habersham's copyrighted designs, products derived therefrom, (b) Habersham's Asserted Registrations, (c) Habersham's CENTRAL PARK mark, and/or (d) Habersham's distinctive trade dress; and all plates, molds, matrices, screens, or other means of making the same.

83.     That an accounting be held and judgment rendered for damages sustained by Habersham on account of the Defendants' copyright infringement and Defendants' trademark and trade dress misappropriation, that the case be found to be exceptional and that reasonable attorneys fees be assessed against the Defendants and awarded to Habersham pursuant to 15 U.S.C. § 1117(a).

84.     That this Court assess prejudgment interest against Defendants for the amount awarded to Habersham.

85.     That this Court award reasonable attorney fees, taxable costs and such other and further relief to Habersham as deemed just.

35

## JURY DEMAND

Habersham requests a trial by jury as to all issues triable to a jury.

Dated: August 19, 2010

Respectfully submitted,

GREENBERG, TRAURIG, P.A.
*Attorneys for Plaintiff*
Habersham Plantation Corporation
1221 Brickell Avenue
Miami, Florida 33131
Telephone: 305-579-0500
Facsimile 305-579-0717


By:_____ /s/ Marlene K. Silverman____
MARLENE K. SILVERMAN
Florida Bar No. 226947


Richard D. Harris, Esq.
Kevin J. O'Shea, Esq.
Cameron M. Nelson, Esq.
David W. Hannon, Esq.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435

Attorneys for Plaintiff
HABERSHAM PLANTATION CORPORATION

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com