UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61532-CIV-COHN/SELTZER

HABERSHAM PLANTATION CORPORATION,
a Georgia corporation, and HABERSHAM
INVESTMENT PARTNERSHIP, L.P., a
Georgia corporation,

    Plaintiffs,

v.

ART & FRAME DIRECT, INC., a Florida corporation,
WORLD OF DECOR, INC., et al,

    Defendants.
_____/

## ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT OR TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion for a More Definite Statement or, in the Alternative, to Dismiss [DE 23]. The Court has carefully considered the motion, Plaintiffs' Memorandum in Opposition [DE 32] and Defendants' Reply [DE 33]. The Motion became ripe on October 27, 2010.

### I. BACKGROUND

Plaintiffs Habersham Plantation Corporation and Habersham Investment Partnership, L.P. (collectively "Plaintiffs" or "Habersham") filed this action against various Defendants asserting claims for copyright infringement, trademark infringement, common law trademark infringement, and trade dress violations under the Lanham Act. The Defendants are companies based in South Florida and Georgia, and are all owned by the same three non-party individuals, in different combinations depending upon the location and name of the particular Defendant. Plaintiffs allege that Defendants have

violated Habersham's federally-registered copyrights and trademarks for certain types of furniture and home decor.

Plaintiffs' Complaint alleges that it designs its own furniture products that have embodied a unique look and style that has become distinctive in the furniture market. Complaint, ¶¶ 22-24.  The Complaint contains a list by number, title and sample image of Habersham's copyright registrations and pending applications.  Id., ¶¶ 30-31.  In addition, the Complaint contains 19 specific examples of Defendants' alleged infringement with side by side pictures of Plaintiffs' and Defendants' products.  Id., ¶¶ 32-51.

Defendants have moved for a more definite statement or to dismiss the Complaint because Plaintiffs have failed to identify the inherently distinctive or non-utilitarian decorative elements of the furniture.  Plaintiffs oppose the motion.

## II.  DISCUSSION

### A.  Motion for More Definite Statement

Defendants move pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for this Court to direct Plaintiffs to restate their Complaint because their allegations are "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Defendants assert that Plaintiffs have failed to identify the elements of their purported copyrighted designs and trade dress that are inherently distinctive or non-utilitarian.  Defendants principally rely on a recent opinion of the United States Court of Appeals for the Eleventh Circuit, Baby Buddies, Inc. v. Toys "R" US, Inc., 611 F.3d 1308 (11th Cir. 2010), that stated the elements of an infringement

2

claim as consisting of proof of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." 611 F.3d at 1315 (citing Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Defendants also rely on the plain language of the statutes, which state that two and three dimensional works of applied art are copyrightable only to the extent that the artistic design incorporates features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article. 17 U.S.C. § 101. In addition, Defendants assert that because Plaintiffs admittedly incorporate historical European designs within their products, the copyright protection extends only to the original elements of such a work. Feist, 499 U.S. at 348.

Plaintiffs' position is that its designs use classic architectural elements in the creation of new, original and copyright-protected furniture designs, and that it is "the collective artistry and expression in selection, placement, variation, and interplay of the various ornamental elements" that is copyrightable and shown by the designs themselves, not by verbal characterization. Plaintiffs' Memorandum in Opposition at 3. Plaintiffs note that the Complaint contains specific references to Plaintiff's products, including side-by-side photographic comparisons with Defendants' allegedly infringing products. Compl., ¶¶ 33-51.

Defendants argue that Plaintiffs have failed to put Defendants on notice as to which specific elements of each design is original work and therefore protectable by copyright. Defendants maintain that Plaintiffs are merely using historical designs that have long been in the public domain.

Although both sides' arguments have some merit, Defendants have not put forth

3

case law that requires a copyright owner of a two or three dimensional artistic design to specify in writing which particular ornamental elements are claimed to be original, where a plaintiff has included in its complaint side by side pictorial evidence of the copyrighted work and the allegedly infringing work.[1]  In this case, Plaintiff has identified the non-utilitarian elements of carvings, moldings, reliefs, cutaways, columns, crowns, and the quality of its proprietary finishes.  Compl. ¶¶ 22-23.  These general allegations, combined with the specific comparison pictures, make the Complaint not so "vague or ambigious" as to violate Rule 12(e).  Defendants' motion for more definite statement is therefore denied.

### B.  Motion to Dismiss

In the alternative, all Defendants seek to dismiss Counts I and IV for failure to state a claim, while the non-World of Decor Defendants seek dismissal of Counts II and III.  Pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009),

---

[1] The Baby Buddies decision was an appeal of a summary judgment decision.  See section B.2 *infra* for a discussion of Knights Armament Co. v. Optical Systems Technology, Inc., 568 F. Supp. 2d 1369, 1376-77 (M.D. Fla. 2008).

the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### 1.  Copyright Infringement

Defendant argues in the alternative that Plaintiff has failed to state a claim for copyright infringement.  The Court incorporates by reference the discussion of copyright law in Section II.A. of this Order.  The parties' arguments in this motion to dismiss context are similar to those made in the motion for more definite statement context.  Defendants assert that Plaintiffs must specify in writing the specific original part of the design for which it claims a copyright protection and that Defendant has copied.  Plaintiffs contend that for a motion to dismiss, describing their original style in general, combined with side by side pictorial comparisons of their copyrighted design and Defendants' allegedly infringing designs, is sufficient notice pleading, even under the Twombly and Iqbal standard.

Although a close question, this Court agrees with Plaintiff.  The inclusion of the pictorial comparisons raise the right to belief beyond the speculative level.  Without the pictorial comparisons, this Court would agree with Defendant that the somewhat vague written descriptions of Plaintiff's designs would not be sufficient.  At some point after discovery or during the summary judgment stage, however, Plaintiffs may need to specifically identify what elements of their designs are distinctive.

### 2.  Trade Dress

Plaintiffs' claim for a trade dress violation under the Lanham Act, 15 U.S.C.

§ 1125(a), is based upon its "distinctive trade dress associated with its furniture collection." Compl., ¶ 74. Plaintiffs allege that Defendants have used the phrase "Habersham styled" in selling their own products, thus proving that Plaintiffs' trade dress has "developed secondary meaning and distinctiveness in the market place." Id. Defendants argue that Plaintiffs have failed to identify the specific elements which comprise their trade dress. In Knights Armament Co. v. Optical Systems Technology, Inc., 568 F. Supp. 2d 1369, 1376-77 (M.D. Fla. 2008), the court held that alleging that one's products have a "distinctive material finish, shape and exterior design" is conclusory and does not survive the Twombly standard. However, the court noted that the plaintiff did not provide a physical representation of the allegedly infringing trade dress. Id. at 1376. In the present case, Plaintiffs did provide numerous side by side pictorial comparisons of its furniture and Defendants' allegedly infringing furniture. Compl. ¶¶ 33-51.

This Court therefore concludes that Plaintiffs have stated a claim for trade dress. The combination of the factual allegations of Defendants' use of the phrase "Habersham styled," along with the side by side pictures, provide sufficient factual allegations to raise the right to relief above the speculative level. At some point after discovery or during the summary judgment stage, however, Plaintiffs may need to specifically identify what elements of their designs are distinctive.

### 3.  Non- World of Decor Defendants

All of the Defendants except World of Decor move to dismiss the complaint in its entirety because the only specifically identified infringing products in the Complaint are

apparently taken from a World of Decor catalog.  Plaintiffs' response is that the allegations of common or related ownership among all of the Defendants provides a plausible basis that the promotional activities infringing the Habersham marks were common practices.  Plaintiffs concede that it will be their burden during discovery to uncover violations by each and every Defendant.  The Court concludes that Plaintiffs have sufficiently pled factual allegations that raise the right to relief above the speculative level as to all Defendants.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for a More Definite Statement or, in the Alternative, to Dismiss [DE 23] is hereby **DENIED**;

2. Defendants shall respond to the Complaint by November 19, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of November, 2010.

_____
JAMES I. COHN
United States District Judge

Copies to:

All counsel of record