UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Habersham Plantation Corporation, a Georgia Corporation, and Habersham Investment Partnership, L.P., a Georgia limited partnership,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Art & Frame Direct, Inc., a Florida Corporation, World of Decor, Inc., a Florida Corporation, The Liquidation Station, Inc., a Florida Corporation, Global Importing, Inc., a Florida Corporation, World of Decor Blue Heron, LLC, a Florida Limited Liability Company, Closing Forever, LLC, a Florida Limited Liability Company, Decorator's Reserve, Inc., a Texas Corporation, Art & Frame Direct/Timeless Industries Georgia, Inc., a Georgia Corporation, and World of Décor, Inc., a California Corporation.<br><br>　　　　　Defendants. | Civil Action No. 10-61532-CIV –<br>(COHN/SELTZER) |

**PLAINTIFFS' MOTION TO EXCLUDE
DEFENDANTS' EXPERT CHRISTOPHER J. BOKHART**

　　　　Plaintiffs Habersham Plantation Corporation and Habersham Investment Partnership, L.P. (collectively "Habersham") move this court to strike the expert report of Mr. Christopher J. Bokhart ("Mr. Bokhart"), and bar him from testifying in this case. In support of its Motion, and as set forth in more detail in the accompanying memorandum, Habersham states as follows:

1.　　This is a copyright, trademark and trade dress case in which Habersham accuses Defendants of copying Habersham's unique, artistic pieces of furniture.

2.　　Mr. Bokart's report purports to address the damages calculations of Habersham's expert,

       Michael Pakter.  However Mr. Bokhart's report consists almost entirely of legal conclusions that Mr. Bokhart is not qualified to make.  As such, Mr. Robertson's testimony is inadmissible under Federal of Civil Procedure 26(a)(2)B and Rule 702 of the Federal Rules of Evidence

3. First, Mr. Bokhart intends to opine on the solely *legal* conclusion of whether there is sufficient evidence of lost profits in this case.  But, not only is Mr. Bokhart not qualified to testify to this legal conclusion, Mr. Bokhart does not apply any financial analysis or actual calculations supporting this conclusion.

4. Mr. Bokhart's legal conclusions as to what is the "appropriate" measure of damages in this case are also inadmissible.  At his deposition, Mr. Bokhart contradicted the assertion in his expert report that reasonable royalty was the appropriate measure of damages.  Regardless, Mr. Bokhart did not conduct any financial analysis or employ any accounting methodology in deciding to apply a reasonable royalty in his expert report.  Mr. Bokhart ignores the fact that the decision of whether to apply a reasonable royalty or lost profits calculation is the sole province of the jury.

5. Finally, Mr. Bokhart's reasonably royalty analysis is facially absurd and inadmissible.  Mr. Bokhart admits that he has no experience negotiating licenses remotely similar to the hypothetical license the he opines on.  Instead, Mr. Bokhart draws from wholly irrelevant evidence and ignores the simple fact the Habersham has never, and would never license its designs to a competitor.  In summary, Mr. Bokhart's analysis is completely unreliable and unfounded.

6. Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this

motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

WHEREFORE, Plaintiff requests this Court to strike Mr. Bokhart's report in its entirety and exclude him from testifying at trial.

Dated: July 8, 2011                    Respectfully submitted by:

/s/ Cameron M. Nelson

Marlene Silverman, Esq.
GREENBERG TRAURIG, P.A.
333 Avenue of the Americas
Miami, FL  33131
Telephone:     (305) 579-0500
Facsimile:      (305) 579-0717
Email:  silvermanm@gtlaw.com

Richard D. Harris, Esq.
Kevin J. O'Shea, Esq.
Cameron M. Nelson, Esq.
David W. Hannon, Esq.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone:     (312) 456-8400
Facsimile:      (312) 456-8435
Email:  harrisr@gtlaw.com; osheak@gtlaw.com;
NelsonC@gtlaw.com; HannonD@gtlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8, 2011, I electronically filed the foregoing document with the Clerk of Court using the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Marlene Silverman

Marlene Silverman, Esq.
333 Avenue of the Americas
Miami, FL  33131
Telephone:     (305) 579-0500
Facsimile:     (305) 579-0717
Email:  silvermanm@gtlaw.com

# SERVICE LIST
### HABERSHAM PLANTATION CORPORATION, ET AL
### v. ART & FRAME DIRECT, INC., ET AL
### Case No. 10-61532-Civ (COHN/SELTZER)
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Robert D. Mason, Jr. (admitted *pro hac vice*)
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
One West Fourth Street
Winston-Salem, NC  27101
Phone:  (336) 721-3761
Facsimile:  (336) 726-9093
Email:  rmason@wcsr.com

Attorneys for Defendants
**Served via ECF**

Keith D. Munson (Florida Bar No. 935920)
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
550 S. Main Street, Suite 400
Greenville, SC 29601
Phone:  (864) 255-5400
Facsimile:  (864) 239-5480
Email:  kmunson@wcsr.com

Attorneys for Defendants
**Served via ECF**