UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61532-CIV-COHN

HABERSHAM PLANTATION CORPORATION,
a Georgia corporation, and HABERSHAM      Magistrate Judge Seltzer
INVESTMENT PARTNERSHIP, L.P., a
Georgia corporation,

    Plaintiffs,

v.

ART & FRAME DIRECT, INC., a Florida corporation,
WORLD OF DECOR, INC., et al,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO EXCLUDE
## DEFENDANTS' EXPERT N. SHERWOOD ROBERTSON

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Exclude Defendants' Expert N. Sherwood Robertson [DE 94], Defendants' Response [DE 108], and Plaintiffs' Reply [DE 129]. The Court has carefully considered these filings and attached exhibits, along with the argument of counsel heard at the Calendar Call of September 9, 2011.

### I.  BACKGROUND[1]

Plaintiffs Habersham Plantation Corporation and Habersham Investment Partnership, L.P. (collectively "Plaintiffs" or "Habersham") filed this action against various Defendants asserting claims for copyright infringement, trademark infringement, common law trademark infringement, and trade dress violations under the Lanham Act. The Defendants are companies based in South Florida and Georgia, and are all owned by the same three related non-party individuals, in different combinations depending

---

[1] For the full background of this case, please see the Order Granting in Part and Denying in Part Motion for Summary Judgment [DE 176].

upon the location and name of the particular Defendant.  Plaintiffs allege that Defendants have violated Habersham's federally-registered copyrights and trademarks for certain types of furniture and home decor.

Plaintiffs design, manufacture and distribute their own line of furniture products that utilize elements from classic European furniture.  Plaintiffs incorporate into their designs off the shelf components manufactured by other companies.  Plaintiffs have obtained copyrights for some of their designs and have pending registrations on many others.[2]  Plaintiffs contend that their protected authorship "is in the collective artistry and expression in the selection, placement, variation and interplay of the various ornamental elements."  Joint Pretrial Stipulation, Plaintiffs' Statement at 3.  Defendants are in the business of selling a variety of home furnishings, including indoor and outdoor furniture.  Defendants do not design or manufacture any of the products they offer, but purchase their products from suppliers.

After the parties completed discovery, Defendants moved for summary judgment as to all claims.  The Court denied the motion as to the copyright claim, but granted the motion as to the trademark and trade dress claims in Counts II, III and IV.  The Court also ruled from the bench at the end of the calendar call (which operated as a motion hearing) regarding several of the other motions to strike experts [DE 183].[3]

---

[2] In support of its copyright infringement claim, Plaintiffs' Complaint contains 19 specific examples of Defendants' alleged infringement with side by side pictures of Plaintiffs' and Defendants' products.  Complaint, ¶¶ 32-51.

[3] The Court denied motions to exclude Michael Pakter (Plaintiff's damages expert) and Wallace Epperson (Defendants' furniture industry expert), while it granted in part the motion to exclude Defendants' damages expert, Christopher Bokhart.  The Court ruled that Bokhart's testimony should be limited to his analysis of lost profits or

## II.  MOTION TO EXCLUDE EXPERT ROBERTSON

Expert testimony is admissible when:

(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in Daubert [ v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, 562 (11th Cir. 1998)).  Last week, in applying this standard to a civil case, the United States Court of Appeals for the Eleventh Circuit strongly implied that a district court must address all three prongs if an expert is excluded.  Rosenfeld v. Oceania Cruises, Inc., – F.3d –, 2011 WL 3903172, *1-3 (11th Cir. Sept. 7, 2011) (reversal of District Court's exclusion of a floor-safety expert who performed various coefficient-of-friction tests to determine the slip resistance of a vessel's flooring surfaces where theory of case was that vessel's choice of tile flooring was unreasonable).  The burden on a motion to exclude rests with the proponent of the expert.  McClain v. Metabolife Intern., Inc., 401 F.3d 1233, 1238, n.2 (11th Cir. 2005).

Plaintiffs seek to exclude Defendants' expert Sherwood Robertson because his opinions are irrelevant, invade the province of the jury, and he is not qualified to opine on Plaintiffs' design process.  Robertson has worked in the furniture industry for over 50

---

royalty rates, without allowing him to opine on manufacturing capability, market demand or substitution of products in the furniture business, which are outside his area of expertise (but within the expertise of Wallace Epperson).

3

years in a variety of capacities. Plaintiffs do not challenge his qualifications as a furniture industry expert, though they question the scope of his testimony as explained below.

Robertson's expert report contains three general opinions. Expert Report of N. Sherwood Robertson, Exhibit C to Plaintiffs' Motion to Exclude [DE 94-3] (hereinafter, "Report"). First, he concludes that Plaintiffs' and Defendants' products are not substantially similar in that no furniture buyer, ultimate consumer, or member of the furniture trade would ever confuse Habersham's products with Defendants' products. Report at 4-5. Robertson's report includes a three page side by side chart as to the individual elements present in Plaintiffs' products and Defendants' accused products. Exhibit A to Report [DE 95-3]. His conclusion on similarity is the ultimate issue in this case, which a "lay observer" is charged with making. Peter Letterese and Assoc., Inc. v. World Institute of Scientology, 533 F.3d 1287, 1301 (11th Cir. 2008).[4] Plaintiffs contend that this opinion invades the province of the jury, while Defendants argue that no case law exists to exclude expert opinion on similarity.

Robertson's second opinion is that there are few, if any, design elements in Habersham's designs that are original to the furniture industry. He has also prepared a chart comparing Habersham's products to other pre-existing products. Exhibit B to Report. Under Rosenfeld, this topic is one on which expert testimony is proper, as such

---

[4] The Eleventh Circuit has also recognized "the intricate role of Rule 403 in an expert testimony admissibility analysis . . . [as the Supreme Court] noted that expert testimony could be 'both powerful and quite misleading because of the difficulty in evaluating it.'" Allison v. McGhan Medical Corp.,184 F.3d 1300, 1310 (11th Cir. 1999) (quoting Daubert, 509 U.S. at 595).

design detail and history of furniture is not readily obvious to a lay observer. However, Plaintiffs contend that because an expert opinion that no originality is present is equivalent to testimony that a design is not copyrightable, such testimony is a legal conclusion that is not proper for this expert to express.

Robertson's third general area of opinion testimony concerns Habersham's internal processes of design, manufacturing and decisions whether or not to seek a design patent or a copyright. Plaintiffs contend that Robertson is not qualified to know what goes on in the mind of Habersham executives, but rather is attempting to impose industry standards that are not relevant to Habersham's processes.

Defendants argue that expert testimony is appropriate in all of these areas, particularly to oppose or rebut Habersham's own testimony regarding its designs and what is original. Defendants assert that it is only through expert testimony that Defendants can present a different interpretation than Plaintiffs' witnesses will testify to regarding their own designs. Plaintiffs contend otherwise, arguing that Plaintiffs' witness, Robert Williams, is a fact witness, while Defendants' witness Robertson cannot opine in an area where he is not familiar with the underlying facts.

The Court will apply <u>Daubert</u> to each of Robertson's three opinions. Taking first his opinion regarding whether the design elements in Habersham's designs are original to the furniture industry, the Court concludes that Robertson is qualified based upon his personal experience in the industry, that his methodology of relying upon his personal knowledge of the design and manufacturing process of furniture that looks antique is sufficiently reliable, and that his testimony can assist the jury to understand the history of furniture design and whether particular elements put forth by Plaintiffs are in fact

5

original or not, which is a mixed question of fact and law. As in <u>Rosenfeld</u>, matters of whether design elements of otherwise utilitarian furniture are original or not are beyond the understanding and experience of the average lay citizen, and thus an expert may opine on this issue.

As to Robertson's opinion regarding Habersham's internal processes of design, manufacturing and decisions whether or not to seek a design patent or a copyright, here Robertson is not qualified to testify competently as to what transpired during Habersham's internal decision-making process. Robertson is qualified to testify regarding industry standards, which are largely factual matters, but cannot put himself into the minds of Habersham executives by opining on what "Habersham should have done" to protect its expressions.

Finally, as to Robertson's first opinion regarding whether Plaintiffs' and Defendants' products are not substantially similar in that no furniture buyer, ultimate consumer, or member of the furniture trade would ever confuse Habersham's products with Defendants' products, the Court concludes that such an opinion is the ultimate issue in the case, does not assist the trier of fact but rather substitutes for the trier of fact, and is an issue not beyond the understanding and experience of the average lay citizen.[5] While Robertson is qualified to base his opinion on his personal knowledge of the industry, a jury must decide whether the parties' products are substantially similar, based upon the evidence presented and the argument of counsel. Under Rule 403 of

---

[5] The Court notes that the consumer confusion issue, an element of the trade dress and trademark claims, is no longer an issue in this case following the Court's ruling on summary judgment.

the Federal Rules of Evidence, an expert opinion on this ultimate issue would be far more prejudicial than probative, since a jury will be viewing the products and can make their own similarity decision.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Exclude Defendants' Expert N. Sherwood Robertson [DE 94] is hereby **GRANTED in part** and **DENIED in part**, as explained above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of September, 2011.

JAMES I. COHN
United States District Judge

Copies to:

All counsel of record