UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61532-CIV-COHN

HABERSHAM PLANTATION CORPORATION,
a Georgia corporation, and HABERSHAM                    Magistrate Judge Seltzer
INVESTMENT PARTNERSHIP, L.P., a
Georgia corporation,

       Plaintiffs,

v.

ART & FRAME DIRECT, INC., a Florida corporation,
WORLD OF DECOR, INC., et al,

       Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS UNREGISTERED COPYRIGHT CLAIMS WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Claims

Involving Unregistered Works for Failure to State a Claim, or in the Alternative, Motion

in Limine to Exclude Plaintiffs from Putting on Evidence of Damages Related to

Unregistered Works [DE 145] and Plaintiffs' Response thereto [DE 168].  The Court has

carefully considered these filings and attached exhibits, along with the argument of

counsel heard at the Calendar Call of September 9, 2011.

Defendants move to dismiss Plaintiffs' infringement claims seeking to enforce

the 13 unregistered, pending copyright registrations.  Only six of Plaintiffs' original 19

copyright applications were approved and registered by the Copyright Office.  Of the

other 13 registrations, one has been rejected by the Copyright Office, and the other 12

have been pending for 15 months at the Copyright Office.  Defendants argue that

registration is an element of a copyright infringement claim, and that therefore the 13

claims that do not have registration as of today should be dismissed.

In response, Plaintiffs first argue that the motion is untimely under Rule 12 of the Federal Rules of Civil Procedure.  However, Rule 12 only operates to waive the ability of a party to move early in an action to dismiss a claim, but does not waive the legal defense of failure to state a claim.  Second, Plaintiffs rely upon Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1248-49 (2010), wherein the United States Supreme Court held that not having registration, a requirement under 17 U.S.C. § 411(a),[1] is not a jurisdictional bar to a copyright claim, and a court is not deprived of subject-matter jurisdiction if registration is not completed.  The Supreme Court specifically did not address whether "§ 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works."  Muchnick, 130 S.Ct. at 1249.

Plaintiffs also argue that since the lack of registration is not a jurisdictional bar, Defendants have procedurally waived the failure to register argument because they have proceeded to defend this action as to all claimed copyrights.  Finally, Plaintiffs contend that the Copyright Office's unreasonable delay has left Plaintiffs in legal limbo.  At the close of the Calendar Call (which operated as a motion hearing), Plaintiffs' counsel stated that it had heard in the last week that the Copyright Office would waive its special handling fee for expedited decisions given its delay, and expected to determine registration within seven to ten days.

---

[1] "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).

The Court concludes that given the Supreme Court's decision in <u>Muchnick</u>, the fact that the claims regarding unregistered copyrights have been fully litigated and are ready for trial, and the suggestion that the Copyright Office will resolve this issue in the next few days, the Court will deny the motion at this time.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Claims Involving Unregistered Works for Failure to State a Claim, or in the Alternative, Motion in Limine to Exclude Plaintiffs from Putting on Evidence of Damages Related to Unregistered Works [DE 145] is hereby **DENIED**, without prejudice to renewal at the commencement of trial.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of September, 2011.

JAMES I. COHN
United States District Judge

Copies to:

All counsel of record