UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61532-CIV-COHN

HABERSHAM PLANTATION CORPORATION,
a Georgia corporation, and HABERSHAM     Magistrate Judge Seltzer
INVESTMENT PARTNERSHIP, L.P., a
Georgia corporation,

    Plaintiffs,

v.

ART & FRAME DIRECT, INC., a Florida corporation,
WORLD OF DECOR, INC., et al,

    Defendants.
_____/

## ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** is before the Court upon Defendants' Sealed Motion in Limine to Exclude Speculative Testimony Regarding Copying, Willfulness, Lost Sales, and Confusion [sealed at DE 142], Defendants' Sealed Motion in Limine to Limit Plaintiffs' Damages Claim to Alleged Actual Damages [DE sealed at DE 143], Defendants' Motion in Limine to Preclude Plaintiffs from Using Physical Pieces of Their Furniture During Trial [DE 144], Plaintiffs' Motion in Limine to Exclude Purely Legal Arguments Before the Jury [DE 146], Plaintiffs' Motion in Limine to Exclude Improper Inferences [DE 148], Plaintiffs' Motion in Limine to Exclude Arguments Related to Authorship or Ownership of the Valencia Table [DE 149], Plaintiffs' Motion in Limine to Exclude Out-of-Context References to Purported Design Elements and the Scope of Their Copyrights [DE 150], and Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Purported Statements, Conduct and Business Card of a "Man in a Suit" Who Purportedly Visited Defendants' Showroom in October 2005 [DE 151], and the parties' responses to each

of the above motions in limine. The Court has carefully considered all of the above and is otherwise fully advised in the premises.

## I.  BACKGROUND[1]

Plaintiffs Habersham Plantation Corporation and Habersham Investment Partnership, L.P. (collectively "Plaintiffs" or "Habersham") filed this action against various Defendants asserting claims for copyright infringement, trademark infringement, common law trademark infringement, and trade dress violations under the Lanham Act. The Defendants are companies based in South Florida and Georgia, and are all owned by the same three related non-party individuals, in different combinations depending upon the location and name of the particular Defendant. Plaintiffs allege that Defendants have violated Habersham's federally-registered copyrights and trademarks for certain types of furniture and home decor.

Plaintiffs design, manufacture and distribute their own line of furniture products that utilize elements from classic European furniture. Plaintiffs incorporate into their designs off the shelf components manufactured by other companies. Plaintiffs have obtained copyrights for some of their designs and have pending registrations on many others. Plaintiffs contend that their protected authorship "is in the collective artistry and expression in the selection, placement, variation and interplay of the various ornamental elements." Joint Pretrial Stipulation, Plaintiffs' Statement at 3. Defendants are in the business of selling a variety of home furnishings, including indoor and outdoor furniture. Defendants do not design or manufacture any of the products they offer, but purchase

---

[1] For the full background, please see the Order Granting in Part and Denying in Part Motion for Summary Judgment at 1-3 [DE 176].

their products from suppliers.

After the parties completed discovery, Defendants moved for summary judgment as to all claims. The Court denied the motion as to the copyright claim, but granted the motion as to the trademark and trade dress claims in Counts II, III and IV. The Court also recently issued rulings on several motions to strike experts [DE 183].[2] Prior to resolution of those motions, both sides filed numerous motions in limine.[3]

## II. DISCUSSION

### A. Defendants' Motion in Limine to Exclude Speculative Testimony Regarding Copying, Willfulness, Lost Sales, and Confusion

Defendants seek to preclude testimony on various significant issues in the case, asserting that Plaintiffs have disclosed no evidence on these issues. Plaintiffs contend that Defendants have based this argument upon selective excerpts of questions and answers made during depositions. The record as a whole, as argued by Plaintiffs, reveals otherwise. The Court concludes that this motion is overbroad. If Defendants have objections to specific evidence because of a discovery violation, they can make

---

[2] The Court denied motions to exclude Michael Pakter (Plaintiff's damages expert) and Wallace Epperson (Defendants' furniture industry expert), while it granted in part the motion to exclude Defendants' damages expert, Christopher Bokhart. The Court ruled that Bokhart's testimony should be limited to his analysis of lost profits or royalty rates, without allowing him to opine on manufacturing capability, market demand or substitution of products in the furniture business, which are outside his area of expertise (but within the expertise of Wallace Epperson). Earlier today, the Court entered a written order granting in part and denying in part Plaintiffs' Motion to Exclude Defendants' Expert Sherwood Robertson (design expert) [DE 188].

[3] The Court notes that it is usually difficult to rule on motions in limine pretrial, outside the context of the particular evidence or testimony sought to be offered at trial. Any ruling contained herein is subject to be revisited at trial if a party "opens the door" to additional evidence on a particular matter.

those objections when such evidence is introduced at trial. The Court will grant this motion in part as to consumer confusion, given that the Court granted summary judgment to Defendants on Plaintiffs' trademark and trade dress claims. Plaintiffs may still introduce evidence that the products are substantially similar in order to prove their copyright infringement claims.

### B.  Defendants' Motion in Limine to Limit Plaintiffs' Damages Claim to Alleged Actual Damages

Defendants argue that Plaintiff did not put forth any evidence of Defendants' profits. The Copyright Act allows a successful plaintiff to recover both its actual damages plus the infringer's profits. 17 U.S.C. § 504(b). Defendants contend that the report of expert Michael Pakter does not contain sufficient evidence of Defendants' profits.

In response, Plaintiffs argue that they do not need expert testimony to prove Defendants' profits, only fact evidence. Plaintiffs state that it is undisputed from the admissions made by Defendants in this action that Defendants' gross revenue from the sale of the infringing goods is at least $2.2 million. As stated in the prior subsection, if Defendants have specific objections to evidence not disclosed during discovery, they can make those objections at trial. The Court will deny this motion in limine.

### C.  Defendants' Motion in Limine to Preclude Plaintiffs from Using Physical Pieces of their Furniture During Trial

Defendants contend that Plaintiffs have only produced during discovery nine physical pieces of the 19 asserted copyright claims. Defendants also assert that

Plaintiffs have stated at various times during this litigation that the images it has submitted of its furniture and Defendants' allegedly infringing furniture are sufficient for the trier of fact to compare.  In response, Plaintiffs state that they intend for the jury to see the same furniture examples that were produced during discovery.  Based upon this representation, the Court will deny the present motion.  If the pieces were produced during discovery or otherwise available to Defendants, then Plaintiffs are not precluded from introducing them into evidence.

### D.  Plaintiffs' Motion in Limine to Exclude Purely Legal Arguments Before the Jury

Plaintiffs seek to preclude Defendants from making arguments to the jury regarding copyrightability, which they contend is a legal issue for the Court to decide.  In response, Defendants correctly point out that there are mixed issues of fact and law that make up a copyright claim.  See Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1996) ("plaintiff must prove that the work. . . is original and that plaintiff complied with the statutory formalities"); Letterese v. World Inst. Of Scientology, 533 F.3d 1287, 1300 (11th Cir. 2008) (whether the defendant, as a factual matter, copied portions of plaintiff's [work]; and whether, as a mixed issue of law and fact, those elements of the [copyrighted work] that have been copied are protected expression); BUC Int'l Corp. V. Int'l Yacht Council Ltd., , 489 F.3d 1129, 1151 (11th Cir. 2007).

Consistent with the recent rulings this Court has made in this action regarding the admissibility of the testimony of Defendants' expert Robertson, there are factual issues regarding what is original in Plaintiffs' copyrights.  Therefore, this motion in limine is denied.

### E.  Plaintiffs' Motion in Limine to Exclude Improper References

Plaintiffs seek to prevent Defendants from arguing or presenting evidence to the jury regarding the delay that existed between the time Habersham designed certain pieces of furniture and when Habersham filed copyright registrations, as well as any errors or omissions in those registrations.  Plaintiffs also seek to exclude argument that Plaintiffs could have sought a design patent to better protect their furniture designs.

In response, Defendants argue that part of the validity issue is factual in nature.  As the Court discussed in its order regarding summary judgment, Defendants are correct that there are disputed issues of material fact regarding Plaintiff's knowledge and scienter regarding the information submitted on the copyright registrations for the Hatfield Occasional Table, Florentina Bed with Garland, and Valencia Table.  See Order Granting in Part and Denying in Part Motion for Summary Judgment at 5-6 [DE 176].  Therefore, Defendants can present evidence and argument regarding what actually happened with Plaintiffs' registrations, as this is relevant evidence to fact issues.  However, the motion in limine is granted as to what actions Habersham "could" have taken, such as obtaining design patent protection, since this is speculation not relevant to an issue in this case.

### F.  Plaintiffs' Motion in Limine to Exclude Arguments Related to Authorship or Ownership of the Valencia Table

Plaintiffs argue that Defendants should be excluded from arguing that Fred Von is the author of the sculptural elements of the Valencia Table, the making Plaintiffs' copyright potentially invalid.  Fred Von testified at his deposition that while he designed

6

the table legs, he did not believe he owned anything, and that the design was Plaintiffs' "property." Deposition of Albert von Oelschlaeger at 45, Exhibit K to Plaintiff's Response to Statement of Facts [sealed at DE 119-9]. Plaintiffs also contend that Defendants have no standing to contest an oral assignment, or work for hire agreement, that Von gave to Plaintiffs.

In response, Defendants argue that material omissions in a copyright registration application can lead to a finding of invalidity. While this is a correct statement of the law that the Court discussed in its summary judgment order,[4] the Court now concludes as a matter of law that whether or not Fred Von is a co-author of the Valencia Table design, Habersham was also an author of the Valencia Table based upon Robert Williams' work. Moreover, since Fred Von never questioned Plaintiffs' ownership of the design, there was no material omission made to the Copyright office as to this particular registration. The motion in limine is therefore granted.

### G. Plaintiffs' Motion in Limine to Exclude Out-of-Context References to the Purported Design Elements and the Scope of their Copyrights

Plaintiffs seek to limit Defendants from describing the elements of its furniture designs in a piece meal fashion because Plaintiff's copyrights are based upon the designs as a whole. In response, Defendants argue that the jury must decide whether the designs have sufficient originality – thus Defendants must be allowed to argue that there is no originality. While the Court recognizes that Plaintiffs' basis for originality is

---

[4] See Order Granting in Part and Denying in Part Motion for Summary Judgment at 6 [DE 176].

one of compilation and its original arrangement, selection and coordination of pre-existing elements, which the Court can explain to the jury in its instructions, Defendants should not be precluded from arguing that there is no originality. The Court, therefore, denies this motion in limine.

### H.  Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Purported Statements, Conduct and Business Card of a "Man in a Suit" who purportedly visited Defendants' showroom in October 2005

Plaintiffs seek to exclude testimony from Defendants' employees regarding an incident in 2005, when a "man in a suit" visited Defendants' showroom.  After looking at Defendants' furniture and being approached by an employee of Defendants, the unidentified man said that he was admiring the furniture, gave the employee a business card identifying him as working for Habersham, and told her that he would be contacting Defendants' owner.  Plaintiffs contend that any statements from the man are hearsay, while Defendants contend they are not being offered for their truth.

Until the man is identified as an agent of Plaintiffs, this testimony regarding what the man said would be hearsay.  Even if he is identified as an agent of Plaintiffs, it is not clear why this testimony is relevant, though perhaps it tends to show when Plaintiffs discovered that Defendants were selling infringing goods.  See Order Granting in Part and Denying in Part Motion for Summary Judgment at 15-17 [DE 176].  The Court concludes that this motion in limine should be granted, though Defendants may proffer the evidence outside the presence of the jury to allow the Court to determine its admissibility.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Sealed Motion in Limine to Exclude Speculative Testimony Regarding Copying, Willfulness, Lost Sales, and Confusion [sealed at DE 142] is hereby **GRANTED in part** as issues of consumer confusion, and **DENIED** in all other respects;

2. Defendants' Sealed Motion in Limine to Limit Plaintiffs' Damages Claim to Alleged Actual Damages [DE sealed at DE 143] is hereby **DENIED**;

3. Defendants' Motion in Limine to Preclude Plaintiffs from Using Physical Pieces of Their Furniture During Trial [DE 144] is hereby **DENIED**;

4. Plaintiffs' Motion in Limine to Exclude Purely Legal Arguments Before the Jury [DE 146] is hereby **DENIED**;

5. Plaintiffs' Motion in Limine to Exclude Improper Inferences [DE 148] is hereby **GRANTED in part** as to any discussion of actions Habersham could have taken, such as obtaining design patent protection, and **DENIED** in all other respects;

6. Plaintiffs' Motion in Limine to Exclude Arguments Related to Authorship or Ownership of the Valencia Table [DE 149] is hereby **GRANTED**;

7. Plaintiffs' Motion in Limine to Exclude Out-of-Context References to Purported Design Elements and the Scope of Their Copyrights [DE 150] is hereby **DENIED**;

8. Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Purported Statements, Conduct and Business Card of a "Man in a Suit" Who Purportedly Visited Defendants' Showroom in October 2005 [DE 151] is hereby

---

**GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of September, 2011.

_____
JAMES I. COHN
United States District Judge

Copies to:
All counsel of record