UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61532-CIV-COHN

HABERSHAM PLANTATION CORPORATION,
a Georgia corporation, and HABERSHAM             Magistrate Judge Seltzer
INVESTMENT PARTNERSHIP, L.P., a
Georgia corporation,

    Plaintiffs,

v.

ART & FRAME DIRECT, INC., a Florida corporation,
WORLD OF DECOR, INC., a California corporation,
THE LIQUIDATION STATION INC., GLOBAL
IMPORTING, INC., WORLD OF DECOR BLUE
HERON, LLC, CLOSING FOREVER, LLC,
DECORATOR'S RESERVE, INC., ART & FRAME
DIRECT/TIMELESS INDUSTRIES GEORGIA, INC.,
WORLD OF DECOR, INC., a Florida corporation,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART BILL OF COSTS

**THIS CAUSE** came before the Court upon Plaintiff's Bill of Costs [DE 224], Defendants' Objections to Plaintiff's Bill of Costs [DE 226], and Plaintiff's Reply Memorandum [DE 228]. The Court has carefully considered the filings and is otherwise fully advised in the premises. The Bill of Costs, treated as a motion by this Court, became ripe on November 21, 2011.

### I.  BACKGROUND

On September 28, 2011, the Court entered a final judgment in favor of Habersham Plantation Corporation and Habersham Investment Partnership, L.P. ("Plaintiffs"), and against Defendants Art & Frame Direct, Inc., et al. Plaintiffs obtained a jury verdict in their favor on 13 of 16 copyrighted furniture designs [DE 212], out of a

total of 19 claims asserted in the Complaint [DE 1].  Plaintiffs then filed a Bill of Costs, seeking a variety of costs and expenses.  Defendants oppose the motion on both general grounds that Plaintiffs failed to reduce the costs related to the unsuccessful claims, and also make specific objections to various costs.

## II.  DISCUSSION

### A.  Prevailing Party

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Defendants suggest that the Court deny all costs because the results were "mixed" in this case.  Defendants' Objections at 2.  Plaintiffs contend that they are prevailing parties under United States Court of Appeals for the Eleventh Circuit precedent, because they obtained "success in protecting the subject copyrights . . . the principal objectives of this lawsuit, [and therefore] . . . they are the prevailing parties in this action."  Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 853 (11th Cir. 1990).  While it is true that this opinion of the Eleventh Circuit did not deal with the factual circumstance of a mixed result, the standard for obtaining prevailing party status remains as stated.  In this action, Plaintiffs clearly obtained success in protecting 13 out of 19 copyrights.  In deciding upon whether costs should be awarded, Plaintiffs are the prevailing party and should be awarded all costs allowed under the relevant statute.

### B.  Legal Standard to Award Costs

Although Plaintiffs are the prevailing party, the Supreme Court has interpreted

Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  In exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co, 482 U.S. 437, 445 (1987).

    The costs allowed in 28 U.S.C. § 1920 are as follows:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

    In the present case, Plaintiffs seek costs totaling $68,299.67 for the following items: (1) fees of the Clerk ($350.00); (2) fees for service of subpoenas ($1,924.80); (3) fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($23,797.50); (4) fees for witnesses ($1,040.00); (5) fees for copying and exemplification ($27,731.15); and (6) fees for other costs – witness travel, subsistence

and lodging ($13,299.67). Defendants object to particular items within these categories.

### 1. Service Fees[1]

Defendants object to certain "rush" fees included in Plaintiff's request. The Court agrees that the $400 fee for "rush" service upon Defendants is not sufficiently supported and therefore not taxable, given Plaintiffs' delay in filing this action. See Exhibit B to Bill of Costs, pp. 3-11 [DE 224-2]. A closer question concerns the rush fees added within the bills for service upon Defendants' experts Christopher Bokhart and Wallace Epperson, and upon non-party Research Now. Id. at 13-15. Defendants object to these charges, noting that because the rush service charge is not broken out in these three bills, the entire cost of service should be stricken. Plaintiffs contend that rush service upon Defendants' experts was justified because of the need to accommodate Defendants' preferences in the order of expert depositions, resulting in extra travel for Plaintiffs' counsel.

The Court concludes that the rush service fees are not sufficiently supported by Plaintiffs and therefore not taxable in this action. By comparing the rush service fees that were itemized on pages 3 to 11 of Exhibit B, the Court will subtract $40 for in-state rush service upon Christopher Bokhart, and $60 for out of state rush service upon Research Now and Wallace Epperson. Therefore, the Court will allow costs of $1,364.80 for service fees, subtracting $560 ($400 + $40 + $60 + 60) from the requested amount of $1,924.80.

---

[1] No specific objection was made to the Clerk's filing fee of $350.00.

2.  Transcript Fees

Defendants next object to any fees for expediting or rushing the deposition transcripts of Christopher Bokhart, Sherwood Robertson and Wallace Epperson, as well as the cost of daily trial transcripts, as incurred solely for convenience of counsel.  In reply, Plaintiffs contend that no "rush" fees were invoiced for these three depositions. Exhibit C to Bill of Costs at pp. 14-16 [DE 224-3].  The Court agrees.  Although these three invoices contain notations indicating "2-Day Delivery," "3-Day Delivery," and "4-Day Delivery," there does not appear to be a charge associated with this service when comparing these invoices with the other deposition invoices in Exhibit C.  Thus, no reduction from this cost request will be made, and the full amount of $16,237.50 in deposition transcripts will be awarded.

Defendants also object to the cost of $7,560.00 for daily trial transcripts. Defendants argue that because Plaintiffs' expert witness, Michael Pakter, attended every day of the trial (as evidenced by the request for six days of witness fees for Mr. Pakter at page 2 of the Bill of Costs), there is no justification for daily transcripts, as found in In re Nissan Antitrust Litigation, 577 F.2d 910, 918 (5th Cir. 1978).[2]  Plaintiffs contend that such costs were necessary here because Defendants ordered the transcripts, Defendants changed trial strategy on certain issues making it necessary for Plaintiffs to track the changes, Plaintiffs did not have a paralegal or trial technician in

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

attendance to monitor the trial, and the short duration of the trial made it essential for Plaintiffs to ensure all of its evidence was presented and to prepare for cross-examination.

Plaintiffs rely upon Maris Distributing Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225-26 (11th Cir. 2002), for the proposition that daily transcripts are recoverable if deemed "necessary" by the trial court. While a correct statement of the law, the Eleventh Circuit also stated in Maris that "although we do not believe that the costs associated with expedited trial transcripts should be allowed as a matter of course. . . the district court found that expedited transcripts were necessary in this case given its length and complexity." Id. Applying this reasoning and the parties' arguments to the present case, the Court concludes that because this trial was relatively short, daily trial transcripts were not necessary, as counsel could have relied upon their own recollections for preparation. Thus, the costs of $7,560.00 will not be taxed.

### 3.  Witness Travel, Subsistence and Lodging

Plaintiffs seek other costs such as witness travel, subsistence and lodging. Defendants object to certain costs incurred by Gregory Smith, who accompanied witness Matthew Eddy on the trip to Florida due to Mr. Eddy's advanced multiple sclerosis. Plaintiffs argue that because Mr. Eddy required assistance to travel for trial, that such costs are recoverable, citing to case law in which marshals' travel costs were recoverable to transport a third-party inmate-witness. U.S. v. Garmany, 762 F.2d 929, 933-35 (11th Cir. 1985). However, the opinion in Garmany, a criminal case, rested upon an interpretation of Rule 17 of the Federal Rules of Criminal Procedure, as well as upon whether constitutional rights of a criminal defendant were violated.

6

In deciding whether costs are taxable in a civil case, the Court is limited to the plain language of the statutes. While § 1920 does not elaborate on "fees for . . . witnesses," 28 U.S.C. § 1821 does set forth further rules. Section 1821(c) governs witness costs for travel by common carrier, mileage, tolls, taxis, parking and normal travel expenses and § 1821(d) governs witness allowances for lodging and meals. The lodging and meal costs are not to exceed those allowed for travel by federal employees. 28 U.S.C. § 1821(d)(2). Absent statutory or case law authority, the Court will not tax the objected to costs incurred by Gregory Smith, a non-witness.

However, upon a review of the bills and summaries submitted by Plaintiffs [DE 224-4 and DE 228-4], the only cost of Gregory Smith that should be excluded is his airfare of $294.40. The hotel expenses appear to have been incurred for Matthew Eddy, Joyce Eddy and Robert Williams (presumably Mr. Smith stayed in the same room as Mr. Eddy, as his disability assistant). Defendants make no argument that the requested amounts are beyond the allowable amounts in § 1821(d).

Defendants also object to certain costs listed for Mr. Pakter. The Court agrees that flight change fees, flight/delay/baggage insurance fees, unspecified supplies and clothing are not recoverable pursuant to § 1920 or § 1821. Therefore, the Court will not tax $535.08 of the following costs objected to by Defendants at page six of their motion: 1) flight change fee of $300.00, (2) air flight insurance of $25.99, (3) travel delay insurance of $9.95, (4) baggage insurance of $9.95, (5) unspecified supplies for extended stay in the amount of $35.78, (6) unspecified supplies for extended stay in the amount of $59.60, (7) clothing for extended stay in the amount of $63.57, and (8) hotel charges for laundry and mini-bar of $85.71 (minus $55.47 for billing correction – line 2

of DE 228-4, p. 3). The total taxable amount of witness travel, subsistence and lodging is $12,626.74.[3]

### 4. Exemplification and Copying

Defendants object to various costs sought by Plaintiffs under the category of exemplification and costs of making copies, particularly the $11,673.98 in costs relating to the jury view of the furniture at a nearby warehouse. Plaintiffs' Bill of Costs includes costs for the delivery, labor, and facility rental associated with the jury view – something Plaintiffs requested over the initial objection of Defendants. Defendants rely upon Arcadian Fertilizer v. MPW Industrial Services, 249 F.3d 1293, 1296-97 (11th Cir. 2001), wherein the Eleventh Circuit stated that demonstrative exhibits such as oversize documents and color photographs could be taxable as "copies of paper," while activities to prepare such exhibits, such as computer animation and videotape exhibits are not. Plaintiffs contend that because Defendant infringed thirteen separate furniture designs for large pieces of furniture, a jury view was necessary. While the Court notes that Congress changed § 1920 in 2008 to remove the limitation of "copies of paper," to copies of "any materials," the Court is reluctant to interpret § 1920 to cover costs of delivery, facility rental, and labor costs associated with a jury view. The Court will therefore not tax the $11,637.98 sought for these charges.[4]

Defendants further object to additional claimed exemplification costs as general

---

[3] No objection was made to the $1,040 in witness fees.

[4] Based upon the costs itemized in Exhibit E to the Bill of Costs [DE 224-5, page 1], it appears the total figure in Defendant's opposition contains a typographical error, while the Court's figure is accurate.

copying that is not taxable under § 1920.  Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996).  Defendants contend that non-copying costs are included within the invoices that support the summary relied upon by Plaintiffs, including charges for computer design, data conversion, data load, cropping, etc.  Defendants' Objections at 8-9; invoices at Exhibit E to Bill of Costs [DE 224-5].  Plaintiffs assert that all such costs are recoverable under the amendment to the § 1920(4) language referenced above.  The Court agrees with Defendants, however, that the revised language does not include all of the costs sought by Plaintiffs, even under the authority cited by Plaintiffs.  Durden v. Citicorp Trust Bank, FSB, 2010 WL 2105921, *4 (M.D. Fla. April 26, 2010).

Therefore, of the $16,093.17 in copying costs, the Court will reduce this amount by 50%, because of the inclusion of non-taxable costs mixed in the voluminous invoices submitted by Plaintiffs.  Plaintiffs bear the burden of identifying the taxable versus the non-taxable costs.  Upon objection of certain charges by Defendants, it becomes Plaintiffs' burden to undertake the line by line analysis to support the taxable costs.  In its discretion, the Court declines to unilaterally undertake such analysis of the 42 pages of invoices.  Thus, the Court will tax only $8,046.59 in copying costs.

### III.  CONCLUSION

The total amount of costs to be taxed are: $350.00 for filing fees, $1,364.80 for service fees, $16,237.50 in deposition transcript fees, $1,040 in witness fees, $12,626.74 for witness travel, subsistence and lodging costs, and $8,046.59 in copying costs, for a total cost award of $39,665.63.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Bill of Costs [DE 224] is hereby **GRANTED in part** and **DENIED in part**, as discussed above;

2. The Court will separately enter a judgment for costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of December, 2011.

JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF